# In the United States Court of Appeals for the Eleventh Circuit

———

COREY ADAMS, BRYAN ARNOLD, KEITH BRADLEY, SABRINA HILL, GARY KIRK, THANH LE, TOM MOELLER, IESHA PRATHER, MARIA SIMMONS, SHEKENA TALLEY, AND STEPHEN WILSON,

*Plaintiff-Appellants-Cross Appellees*,

*v.*

WAL-MART ASSOCIATES, INC.,

*Defendant-Appellee-Cross Appellant.*

———

On Appeal from the
United States District Court for the Northern District of Georgia

———

**JOINT OPPOSITION OF APPELLANTS-CROSS-APPELLEES AND APPELLEE-CROSS-APPELLANT TO AMICUS CURIAE NELA'S MOTION TO SUPPLEMENT THE RECORD**

———

Beverly A. Lucas
LUCAS & LEON, LLC
P.O. Box 752
Clarkesville, GA 30523
(706) 754-2001
beverly@lucasandleon.com

*Counsel for Plaintiffs-Appellants-Cross-Appellees*

Scott A. Keller
Shannon G. Denmark
LEHOTSKY KELLER COHN LLP
200 Massachusetts Ave. NW
Suite 700
Washington, DC 20001
(512) 693-8350
scott@lkcfirm.com

*Counsel for Defendant-Appellee-Cross-Appellant*

*(additional counsel listed on inside cover)*

Leah F. Bower
LEHOTSKY KELLER COHN LLP
7500 Rialto Blvd.
Suite 1-250
Austin, TX 78735

Adeline K. Lambert
Danielle K. Goldstein
LEHOTSKY KELLER COHN LLP
3280 Peachtree Road NE
Atlanta, GA 30305

Alyssa K. Peters
CONSTANGY, BROOKS, SMITH &
PROPHETE, LLP
3920 Arkwright Road
Suite 375
Macon, GA 31210

*Counsel for Defendant-Appellee-
Cross-Appellant*

Appellants-Cross-Appellees Corey Adams, Bryan Arnold, Keith Bradley, Sabrina Hill, Gary Kirk, Thanh Le, Tom Moeller, Iesha Prather, Maria Simmons, Shekena Talley, and Stephen Wilson, and Appellee-Cross-Appellant Wal-Mart Associates, Inc. ("Parties") respectfully oppose the Motion to Supplement the Record filed by Amicus Curiae National Employment Law Association ("NELA") (cited as "Mot.").[1] NELA was granted leave to participate in this appeal to defend the judgment below. It now seeks to leverage that limited role to expand the record two weeks before its brief initially was due with material that is both irrelevant to the issue on appeal and sealed—over the express objection of both actual Parties to this litigation.

The Motion should be denied for two independent reasons: First, NELA lacks authority as amicus curiae to enlarge the record or issues on appeal.

---

[1] This Court need not take any action on NELA's filing entitled "Designation of Hearing Transcript to be Ordered by Appellant" because it is procedurally improper on its face. The Parties file this Opposition in an abundance of caution because NELA's filing is docketed as a Motion.

The federal rule NELA relies on does not apply to an amicus, and no other federal rule or precedent authorizes NELA to compel the Parties to order a hearing transcript that was never ordered in the district court. Second, even if NELA had such authority, the Motion fails on its own terms. The transcript NELA seeks is immaterial to the *legal* issue before this Court. It is also unavailable to NELA because the district court agreed that nearly all of the proceeding would be sealed to protect confidential settlement information. The existing filings NELA seeks to add to the Joint Appendix, by contrast, already are part of the record on appeal by operation of Federal Rules of Appellate Procedure 10 and 30 and thus require no formal action.

## ARGUMENT

### I. NELA Lacks Authority to Enlarge the Record on Appeal.

NELA's Motion fails at the threshold: The federal rule NELA relies on is inapplicable, and NELA does not identify any other authority for its designations.

**A.** NELA anchors its Motion in Federal Rule of Appellate Procedure 10(b). But this Rule governs the obligations of *parties* in the district court at

the time of filing a *notice of appeal*. *See* Fed. R. App. P. 10(b)(1), (3) ("within 14 days after filing the notice of appeal . . ."). It is not a mechanism for later enlargement of the record. Nor does any federal authority extend this Rule to amicus parties—even those appointed to defend a judgment.

NELA's filing posture underscores the lack of any proper procedural basis for the relief it seeks. Although styled as a "Motion to Supplement the Record," *see* Dkt.43, NELA simultaneously characterizes its filing as an "Appellee Designation" of a hearing transcript and purports to invoke Rule 10(b)(3) to direct the Parties to order a transcript. Mot. at 5 (suggesting the "record be supplemented with that hearing transcript *once so ordered and obtained* by Joint Appellants" (emphasis added)).

In substance, NELA seeks to require the Parties to incur the cost and burden of creating new record material in the district court that it believes would be useful on appeal, even though that material is irrelevant to the purely legal issue in this case. *See infra* pp.6-7. There is no mechanism for an amicus to bear this cost, and no authority for ordering the Parties to absorb it to satisfy the amicus's preference. *See* Fed. R. App. P. 10(b)(4) ("At the time

of ordering, a party must make satisfactory arrangements with the reporter for paying the cost of the transcript.").

**B.** Nor does NELA identify any other rule or precedent that authorizes an amicus to compel a party to supplement the record, much less order and pay for transcripts in the district court that do not currently exist. *See* Mot. at 5. This Court granted NELA leave to participate as amicus-appellee to "defend the decision below." Dkt.37-2 at 7. That limited grant of participation does not vest NELA with authority to expand or reshape the evidentiary foundation of the appeal or delay the Parties' resolution of their claims. While this Court at times "appoint[s] pro bono counsel as amicus curiae to defend the district court's judgment," *SE Prop. Holdings, LLC v. Welch*, 65 F.4th 1335, 1341 (11th Cir. 2023), "[a]n amicus cannot initiate, create, extend, or enlarge issues," *Wyatt ex rel. Rawlins v. Hanan*, 868 F. Supp. 1356, 1358-59 (M.D. Ala. 1994) (even an amicus with a more involved role than "traditional" amici do not "control [] the litigation"); *see United States v. Michigan*, 940 F.2d 143, 161-67 (6th Cir. 1991) (limiting participation of appointed amicus-party to prevent "a free-wheeling forum of competing

4

special interest groups capable of frustrating and undermining the ability of the named parties/real parties in interest to expeditiously resolve their own dispute").

The Court's order appointing NELA should be read consistently with established doctrine and the Federal Rules, which do not provide NELA authority for the relief it seeks.

## II. Even if NELA Had Authority to Supplement the Record, its Request to Compel Creation of a Transcript Fails.

Even setting aside NELA's lack of authority, the Motion should be denied. First, the transcript sought is immaterial to the discrete *legal* issue on appeal, which is captured in the district court's written order before this Court on interlocutory appeal. Second, even if relevant, the transcript would be unavailable to a non-party organization because it involves the Parties' discussions about settlement and was sealed by the district court. Third, compelling creation of a transcript at this late stage in the appeal creates additional, unnecessary cost and delay for the true Parties, who have been attempting to dismiss this case for nearly a year.

**A**. The transcript is immaterial to this interlocutory appeal. The Parties challenge the district court's written order interpreting the scope of Federal Rule of Civil Procedure 41—not any factual findings. *See Nassar v. Nassar*, 853 F. App'x 620, 621 n.* (11th Cir. 2021) (concluding "supplementation of the record on appeal is unwarranted" because the evidence "ha[d] no bearing" on the issue presented). The issue is "[w]hether FLSA claims that are resolved through a settlement can be disposed of without court approval through a Rule 41(a)(1)(A)(ii) stipulation of dismissal without prejudice." Dkt.22 at 6. The answer to this legal question rests on an interpretation of the Federal Rules and this Court's precedent, not on the Parties' testimony or counsel's statements at a hearing. *See* Mot. at 4 (requesting "the transcript of the hearing conducted by the district court on June 5, 2025," because "Plaintiffs . . . were sworn and testified" and the district court "heard from counsel").

NELA otherwise provides no justification for its request to expand the record through compelled creation of a new transcript. NELA points to a footnote in the Parties' brief that mentions attendance at the Joint Stipulation

hearing in question. Mot. at 4 n.3 (noting Joint Brief's statement that the district court "required each Plaintiff to appear and answer questions about the settlement"). But no transcript is required to prove this point—it is memorialized in the district court's Minute Order on the docket, which NELA is equally welcome to review and rely on. *See, e.g.*, Minute Entry, *Simmons v. Wal-Mart Assocs. Inc.*, No. 2:23-cv-00015-SJC, Dkt.82 (N.D. Ga. June 5, 2025).

**B.** Even if NELA had authority to request the June 5 transcript and could identify a compelling reason for its request, that transcript would not be available to NELA because it is sealed. At the hearing, the district court asked the Parties numerous questions about underlying settlement discussions and mediation. Joint Br. at 13 (discussing "information surrounding [each] Plaintiff's decision to dismiss her FLSA claim"); Ex. 1, Declaration of A. Peters, at ¶2; Declaration of B. Lucas, at ¶2. The court confirmed that, given the confidential nature of these questions, the majority of the hearing would be sealed. Ex. 1, Declaration of A. Peters, at ¶3; Declaration of B. Lucas, at ¶3.

Federal Rule of Evidence 408 embodies a strong policy favoring the confidentiality of settlement negotiations. *See* Fed. R. Evid. 408; *Blu-J, Inc. v. Kemper C.P.A. Grp.*, 916 F.2d 637, 641-42 (11th Cir. 1990). Compelling the creation and disclosure of a transcript that captures aspects of those discussions would undermine that policy and chill candid settlement dialogue. The nature of the information sought provides an independent basis to deny NELA's Motion.

**C.** Finally, NELA's improper designation attempt will create unnecessary cost and delay for the true Parties to this appeal. *See Shahar v. Bowers*, 120 F.3d 211, 213 (11th Cir. 1997) (acknowledging "[p]arties to lawsuits often agree to limit discovery to avoid extra costs," and such decisions "are strategic and routine"). The Parties have already filed a Joint Opening Brief in this appeal. Dkt.22. This case also has been pending for years, and the Parties sought to resolve it through a joint dismissal nearly a year ago. Requiring the parties to file motions in the district court concerning the preparation of a sealed transcript would significantly prolong the appeal,

increase litigation expenses, and impose burdens on both Parties—neither of whom seeks or supports that outcome.

**III. The Remaining Materials Sought Are Already Part of the Record.**

NELA also seeks to add various district court filings concerning mediation and case management. Mot. at 5-6. This request is unnecessary because the record on appeal consists of "the original papers and exhibits filed in the district court . . . and a certified copy of the docket entries." Fed. R. App. P. 10(a). If the documents NELA identifies were filed in the district court, they are part of the record by operation of Rule 10(a). There is nothing to enlarge.

To the extent NELA's concern relates to the contents of the Parties' Joint Appendix, that issue is governed by Federal Rule of Appellate Procedure 30. Rule 30 also confirms that "[p]arts of the record may be relied on by the court or the parties even though not included in the appendix." Fed. R. App. P. 30(a)(2). And it instructs that "[t]he parties must not engage in unnecessary designation of parts of the record, because the entire record is available to the court." Fed. R. App. P. 30(b)(1).

While NELA may rely on all available "papers," "exhibits," and "docket entries" from the district court, Fed. R. App. P. 10(a), further "designation of parts of the record" or additions to the Appendix is "unnecessary" if it gives rise to further delay, Fed. R. App. P. 30(b)(1).

## CONCLUSION

For the foregoing reasons, the Parties respectfully request that this Court deny NELA's "Motion to Supplement the Record" and/or "Record Designation." In the alternative, the Court should deny any request to compel creation of a transcript in the district court and limit any supplementation to material already filed below.

Respectfully submitted,

/s/ *Beverly A. Lucas*
Beverly A. Lucas
LUCAS & LEON, LLC
P.O. Box 752
Clarkesville, GA 30523
(706) 754-2001
beverly@lucasandleon.com

*Counsel for Plaintiffs-Appellants-Cross-Appellees*

/s/ *Scott A. Keller*
Scott A. Keller
Shannon G. Denmark
LEHOTSKY KELLER COHN LLP
200 Massachusetts Ave. NW
Suite 700
Washington, DC 20001
(512) 693-8350
scott@lkcfirm.com

Leah F. Bower
LEHOTSKY KELLER COHN LLP
7500 Rialto Blvd.
Suite 1-250
Austin, TX 78735

Adeline K. Lambert
Danielle K. Goldstein
LEHOTSKY KELLER COHN LLP
3280 Peachtree Road NE
Atlanta, GA 30305

Alyssa K. Peters
CONSTANGY, BROOKS, SMITH &
PROPHETE, LLP
3920 Arkwright Road
Suite 375
Macon, GA 31210

*Counsel for Defendant-Appellee-Cross-Appellant*

**CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,806 words, excluding the parts of the brief exempted by Rule 32(f). This brief complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced font (14-point Palatino Linotype) using Microsoft Word (the same program used to calculate the word count).

*/s/ Scott A. Keller*
Scott A. Keller

**CERTIFICATE OF SERVICE**

On April 29, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notice of filing to all counsel of record.

*/s/ Scott A. Keller*
Scott A. Keller

COREY ADAMS, BRYAN
ARNOLD, KEITH BRADLEY,
SABRINA HILL, GARY KIRK,
THANH LE, TOM MOELLER,
IESHA PRATHER, MARIA
SIMMONS, SHEKENA TALLEY,
AND STEPHEN WILSON

*Plaintiffs-
Appellants-Cross
Appellees*,

v.

WAL-MART ASSOCIATES, INC.,

*Defendant-Appellee-
Cross Appellant*.

Case No. 25-13991

## DECLARATION OF ALYSSA K. PETERS IN SUPPORT OF JOINT OPPOSITION OF APPELLANTS-CROSS APPELLEES AND APPELLEE-CROSS APPELLANT TO AMICUS CURIAE NELA'S <u>MOTION TO SUPPLEMENT THE RECORD</u>

I, Alyssa K. Peters, declare as follows:

1. I am, and at all relevant times was, trial counsel for Defendant-Appellee-Cross Appellant in the above-captioned matter in the Northern District of Georgia and now on appeal. I have personal knowledge of the contents of this declaration and could testify

1

thereto.

2.      I attended the hearing held on June 5, 2025, before the Northern District of Georgia. During that hearing, the parties and the Court discussed, among other things, settlement and mediation. At that time, the Court agreed that the majority of that hearing transcript would be sealed.

3.      Following the hearing, counsel for Defendant-Appellee-Cross Appellant conferred with the court reporter regarding the status of the transcript. The court reporter confirmed that the majority of that hearing transcript from the June 5, 2025, hearing had been designated and treated as sealed.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on this 29th day of April 2026 in Macon, Georgia.

/s/ Alyssa K. Peters
Alyssa K. Peters

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

| | |
|---|---|
| COREY ADAMS, BRYAN ARNOLD, KEITH BRADLEY, SABRINA HILL, GARY KIRK, THANH LE, TOM MOELLER, IESHA PRATHER, MARIA SIMMONS, SHEKENA TALLEY, AND STEPHEN WILSON<br><br>       *Plaintiffs-Appellants-Cross Appellees*,<br><br>       v.<br><br>WAL-MART ASSOCIATES, INC.,<br><br>       *Defendant-Appellee-Cross Appellant*. | Case No. 25-13991 |

**DECLARATION OF BEVERLY A. LUCAS IN SUPPORT OF JOINT OPPOSITION OF APPELLANTS-CROSS APPELLEES AND APPELLEE-CROSS APPELLANT TO AMICUS CURIAE NELA'S <u>MOTION TO SUPPLEMENT THE RECORD</u>**

I, Beverly A. Lucas, declare as follows:

1. I am, and at all relevant times was, trial counsel for Plaintiffs-Appellants-Cross Appellees in the above-captioned matter in the Northern District of Georgia and now on appeal. I have personal knowledge of the contents of this declaration and could testify

1

thereto.

2.    I attended the hearing held on June 5, 2025, before the Northern District of Georgia. During that hearing, the parties and the Court discussed, among other things, settlement and mediation. At that time, the Court agreed that the majority of that hearing transcript would be sealed.

3.    Following the hearing, counsel for Defendant-Appellee-Cross Appellant conferred with the court reporter regarding the status of the transcript. The court reporter confirmed that the majority of that hearing transcript from the June 5, 2025, hearing have been designated and treated as sealed.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on this 29th day of April 2026 in Clarkesville, Georgia

*/s/Beverly A. Lucas*
Beverly A. Lucas