**Nos. 25-13991, 25-13994, 25-14001, 25-14002, 25-14003, 25-14004, 25-14005, 25-14006, 25-14007, 25-14008, 25-14009**

# In the United States Court of Appeals for the Eleventh Circuit

COREY ADAMS, BRYAN ARNOLD, KEITH BRADLEY, SABRINA HILL, GARY KIRK, THANH LE, TOM MOELLER, IESHA PRATHER, MARIA SIMMONS, SHEKENA TALLEY, AND STEPHEN WILSON

*Plaintiff-Appellants-Cross Appellees,*

*v.*

WAL-MART ASSOCIATES, INC.,

*Defendant-Appellee-Cross Appellant.*

On Appeal from the United States District Court for the Northern District of Georgia

## REPLY IN SUPPORT OF APPELLEE DESIGNATION OF HEARING TRANSCRIPT TO BE ORDERED BY APPELLANT


| | |
|---|---|
| C. Andrew Head (GA 341472) | Richard J. (Rex) Burch |
| **HEAD LAW FIRM, LLC** | **BRUCKNER BURCH PLLC** |
| 4422 N. Ravenswood Ave. | 11 Greenway Plaza, Ste. 3025 |
| Chicago, IL 60640 | Houston, Texas 77046 |
| (312)690-4699 | (713) 877-8788 |
| ahead@headlawfirm.com | rburch@brucknerburch.com |

**Counsel for Amicus Curiae National Employment Lawyers Association Appointed as Appellee to Defend the Lower Court's Ruling**

Because the existing parties appealed as Joint Appellants, this Court was left with no adversarial presentation of the issues. Concerned, the National Employment Lawyers Association (NELA) sought and received appointment by this Court to argue as *in loco* Appellee in defense of the lower court's ruling. [Dkt. 37-2]. While Joint Appellants characterize that appointment as providing a "limited role," and suggest NELA "lacks authority as amicus curiae to enlarge the record or issues on appeal" because "[F.R.A.P. 10(b)(3)] does not apply to an amicus," the Court's appointment Order was clear. This Court's Order [Dkt. 37-2] appointed NELA to proceed as the Appellee, with all rights attendant thereto:

> The National Employment Lawyers Association is appointed, pro bono, as amicus curiae to participate as an appellee in these consolidated appeals….If these consolidated appeals are orally argued, amicus curiae will be allowed to appear at oral argument in the place of the appellee, **and amicus curiae will otherwise be allowed to participate as an appellee in these consolidated appeals.** (emphasis added)

Joint Appellants did not order a transcript. "Unless the entire transcript is ordered[,] the appellant must—within the 14 days provided in Rule 10(b)(1)—file a statement of the issues that the appellant intends to

present on the appeal and must serve on the appellee a copy of both the order or certificate and the statement." F.R.A.P. 10(b)(3)(A).[1] Joint Appellants did not file a statement of the issues that they intended to present on the appeal within the required 14 days, nor did they serve any such statement on NELA (as appointed Appellee).

So NELA, as appointed Appellee, complied with F.R.A.P. 10(b)(3)(B) by "fil[ing] and serv[ing] on the [A]ppellant[s] a designation of additional parts to be ordered," notifying Joint Appellants that NELA "considers it necessary to have a transcript of other parts of the proceedings." NELA designated the transcript of the June 5, 2025[2] evidentiary hearing

---

[1] 11th Cir. I.O.P. 10 further provides: "*No Hearings in the District Court*. *If there were no hearings in the underlying district court case, the failure to file a transcript order or a certificate stating that no transcript will be ordered is not considered a deficiency and will not result in the appeal being clerically dismissed under 11th Cir. R. 42-1(b)*." Here, there was a hearing in the district court, and NELA (as Appellee) seeks to order the transcript of that hearing.

[2] Joint Appellants' Brief states "the district court here required each Plaintiff to appear and answer questions about the settlement in a June 5, 2025 hearing. *Adams*.Dkt.24 at 8, Dkt.30; *Arnold*.Dkt.33 at 7-8 & n.2, Dkt.36; *Bradley*.Dkt.33 at 7-8 & n.2, Dkt.36; *Hill*.Dkt.21 at 7; Dkt.24; *Kirk*.Dkt.26 at 7,

conducted by the district court "regarding the Joint Stipulations of Dismissal filed in each [] case" at which "[ten] Plaintiffs…[were] sworn and testified[,]" where the district court "also heard from counsel regarding the parties' joint Motion for Reconsideration…."[3] The Order on appeal recited "[a]t the hearing before the Court on June [3 or 5], 2025, Defendant indicated that in the event the Court does not approve the Stipulation of Dismissal, it intends to continue to litigate against Plaintiff's claims."[4]

Joint Appellants did not order the hearing transcript as requested, and their response opposes ordering the transcript. Thus, under F.R.A.P. 10(b)(3)(C), "the appellee may within the following 14 days either order the parts or move in the district court for an order requiring the appellant to do so." Although NELA (appointed as Appellee) was not a party to the district

---

Dkt.29 (unable to attend); *Le*.Dkt.26 at 7-8 & n.2, Dkt.29; *Moeller*.Dkt.32 at 8, Dkt.35; *Prather*.Dkt.28 at 7-8 & n.2, Dkt.31; *Simmons*.Dkt.75 at 8, Dkt.82; *Talley*.Dkt.30 at 8, Dkt.33; *Wilson*.Dkt.32 at 7-8 & n.2, Dkt.36."

[3] *Id.*

[4] Order of June 9, 2025 (*Adams*.Dkt.28; *Arnold*.Dkt.37; *Bradley*.Dkt.37; H*ill*.Dkt.25; *Kirk*.Dkt.30; *Le*.Dkt.30; *Moeller*.Dkt.36; *Prather*.Dkt.32; *Simmons*.Dkt.83; *Talley*.Dkt.34; *Wilson*.Dkt.37).

court action, NELA will now "either order the [hearing transcript] or move in the district court for an order requiring the [Joint A]ppellant[s] to do so." F.R.A.P. 10(b)(3)(C).

By its motion to supplement the record, NELA complied with these procedural prerequisites so it could order the transcript (or move for an order requiring Joint Appellants to do so).[5]

---

[5] Joint Appellants' opposition [Dkt. 45] criticizes "NELA's filing posture" as "underscor[ing] the lack of any proper procedural basis for the relief it seeks," because NELA selected the CM/ECF filing event of "Motion to Supplement the Record" but "simultaneously characterizes its filing as an "Appellee Designation" of a hearing transcript to be ordered under F.R.A.P. 10(b)(3). NELA filed its 10(b)(3) designation under the CM/ECF event "Motion to Supplement the Record" because the Eleventh Circuit Clerk's Office specifically instructed counsel for appointed Appellee to use that filing event. F.R.A.P. 10(b)(3), however, refers to the required filing as a "designation" (not a motion) to be filed and served by Appellee. Indeed, Appellee's designation does not require this Court to rule on requested relief by a contested motion—it merely triggers Appellant's obligation to order the transcript, or if not ordered within 14 days, Appellee's procedural right to order that transcript from the district court.

NELA will now request a transcript of the hearing before the district court,[6] by its deadline of May 14, 2026 (within the required fourteen (14) day period after Joint Appellants' 14 day period to order the transcript expired without ordering).

Joint Appellants are incorrect in assuming "NELA seeks to require the Parties to incur the cost and burden of [ordering the evidentiary hearing transcript]." (Opp. [Dkt. 45], p. 3) NELA will pay for the hearing transcript regardless of whether the district court permits it to order the transcript or requires Appellant to order the transcript. NELA will make satisfactory payment arrangements with the court reporter as required by F.R.A.P. 10(b)(4), in moving the district court to allow NELA to request transcription of the hearing to supplement the record on appeal.

---

[6] The Court Reporter responded to NELA's initial request for the hearing transcript by stating: "You will have to file a motion to unseal the transcript and also provide notice to all parties if you are not representing one of them."

Even though NELA is appointed to act as Appellee, Joint Appellants say no rule or precedent allows NELA to supplement the record with the hearing transcript. But F.R.A.P. 10(b)(3)(C) provides precisely that mechanism. F.R.A.P. 10(e) further provides: "If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:…(B) by the district court before or after the record has been forwarded; or (C) by the court of appeals." And this Court has "inherent equitable powers to supplement the record." *Dickerson v. Alabama*, 667 F.2d 1364, 1367 n.5 (11th Cir. 1982); *see United States v. Page*, 661 F.2d 1080, 1081 (5th Cir. 1981) (affirming supplementation with a pretrial conference that "occurred in the district court" and was needed to "truly disclose" what went on there); *United States v. Andiarena*, 823 F.2d 673, 677 (1st Cir. 1987) (district court properly exercised jurisdiction to supplement the record by forwarding requested transcript of the nine tape recordings played before the jury).

Next, Joint Appellants argue "the transcript sought is immaterial to the discrete *legal* issue on appeal, which is captured in the district court's written order before this Court on interlocutory appeal[.]" However, the Court conducted the evidentiary hearing before issuing the rulings now on appeal, and explicitly referenced that hearing in the rulings currently on appeal. NELA, as appointed Appellee, is admittedly in the dark as to what exactly transpired during that evidentiary hearing: after all, (i) NELA was not a party to the district court action and (ii) the hearing transcript is not made available on the public PACER docket. NELA contends the hearing was likely material to the district court's rulings requiring Joint Appellants to disclose the fact and terms of a settlement for district court fairness review, and the district court's denial of the parties' joint stipulation for dismissal as a result of (and after conducting) that evidentiary hearing whereby the district court heard testimony from the individual party Plaintiffs, their counsel, and counsel for Defendant below.

Joint Appellants next argue that "even if relevant, the transcript would be unavailable to a non-party organization because it involves the

Parties' discussions about settlement and was sealed by the district court." (Opp. [Dkt. 45], p. 5).[7] That argument ignores the First Amendment and public rights of access to judicial proceedings. As this Court has long recognized, "[l]awsuits are public events." *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992). "The operations of the courts and the judicial conduct of judges" are "matters of utmost public concern" because "'[t]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process.'" *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (first quoting *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839, 98 S. Ct. 1535, 56 L. Ed. 2d 1 (1978); and then quoting *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)). "Indeed, if the right to inspect judicial records is to mean anything, it must mean that

---

[7] The docket does not reflect any Order sealing that transcript, and Joint Appellants later walk back their contention that the entire transcript was ordered sealed, acknowledging that only "the majority of the hearing would be sealed." *Id.*, p. 7.

the public has a right to review the evidence that led the district court to its preliminary conclusions, and that will undoubtedly inform this Court in addressing the matters now before us." *Doe v. Ga. Dep't of Corr.*, No. 24-11382, 2024 U.S. App. LEXIS 32594, at *10 (11th Cir. Dec. 23, 2024). Joint Appellants' conclusion that a transcript would be unavailable to a non-party organization because it involves discussions about settlement runs contrary to this Court's long-standing precedent:

> It is immaterial whether the sealing of the record is an integral part of a negotiated settlement between the parties, even if the settlement comes with the court's active encouragement. Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case. Absent a showing of extraordinary circumstances set forth by the district court in the record consistent with *Wilson*[ *v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985)], the court file must remain accessible to the public.
> Thus, because it is the rights of the public, an absent third party, that are at stake, any member of the public has standing to view documents in the court file that have not been sealed in strict accordance with *Wilson*, and to move the court to unseal the court file in the event the record has been improperly sealed.

*Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992).

Finally, Joint Appellants argue that F.R.E. 408 requires denial of access to the evidentiary hearing regarding settlement. It does no such thing; the rule instead addresses admissibility of (not access to) evidence, holding certain compromise communications are "not admissible to prove liability for or invalidity of the claim or its amount," but the "rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations."

Respectfully submitted this 6th day of May, 2026.


*/s/ C. Andrew Head*
C. Andrew Head
Georgia Bar No. 341472
**HEAD LAW FIRM, LLC**
4422 N. Ravenswood Ave.
Chicago, IL 60640
Telephone: 312.690.4699
Facsimile: 404.796.7338
ahead@headlawfirm.com

Richard J. (Rex) Burch
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Ste. 3025
Houston, Texas 77046

(713) 877-8788
rburch@brucknerburch.com

*Pro Bono Counsel for NELA, amicus curiae appointed to argue as Appellee*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

Counsel for NELA hereby certifies under FRAP 32(g)(1) that this reply complies with the type-volume limitation set forth in FRAP 27(d)(2)(A). This motion contains 2307 words, excluding those parts exempted by 11th Cir. Local R. 32-4.

This reply complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) as this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Palatino Linotype font.

*/s/ C. Andrew Head*
C. Andrew Head
Georgia Bar No. 341472
HEAD LAW FIRM, LLC
4422 N. Ravenswood Ave.
Chicago, IL 60640
Telephone: 312.690.4699
Facsimile: 404.796.7338
ahead@headlawfirm.com

*Pro Bono Counsel for NELA, amicus curiae appointed to argue as Appellee*

## CERTIFICATE OF SERVICE

This is to certify that I have this 6th day of May, 2026, filed this REPLY IN SUPPORT OF APPELLEE DESIGNATION OF HEARING TRANSCRIPT TO BE ORDERED BY APPELLANT using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

*/s/ C. Andrew Head*
C. Andrew Head
Georgia Bar No. 341472
HEAD LAW FIRM, LLC
4422 N. Ravenswood Ave.
Chicago, IL 60640
Telephone: 312.690.4699
Facsimile: 404.796.7338
ahead@headlawfirm.com

*Pro Bono Counsel for NELA, amicus curiae appointed to argue as Appellee*